1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12

13

14

15

16

17

| | |
|---|---|
| PROSPERITY RECOVERY, INC., <br><br> Plaintiff, <br><br> v. <br><br> IDC TECHNOLOGIES, INC, et al., <br><br> Defendants. | Case No. 20-CV-03679-LHK <br><br> **ORDER DENYING IDC'S MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 61 |

18     Before the Court is Defendant IDC Technologies, Inc.'s ("IDC") renewed motion for

19 default judgment as to IDC's crossclaims against Defendant Innova Consulting Services LLC

20 ("Innova"). ECF No. 61.  Having considered IDC's submissions, the relevant law, and the record

21 in this case, the Court DENIES IDC's motion for default judgment and DISMISSES IDC's

22 counterclaims against Innova with prejudice.

23 **I.     BACKGROUND**

24     This case arises from the parties' disputes over two related contracts: (1) a "Professional

25 Services Agreement" ("PSA") between Innova and IDC, ECF No. 1 ¶¶ 16–17, ECF No. 21 ¶¶ 9–

26 10; and (2) a "Factoring and Security Agreement" ("FSA") between Innova, Defendant Vivos

27 Group, Inc. ("Vivos"), and Plaintiff Prosperity Recovery, Inc. ("Plaintiff"), ECF No. 1 ¶¶ 11–12.

28

1

1   As relevant to the instant motion, IDC contends that Innova assigned its rights to payment for

2   work performed under the PSA to Plaintiff and that Innova must indemnify IDC for any claims

3   brought by Plaintiff against IDC.  Below, the Court describes in turn: (1) the parties; (2) the PSA;

4   (3) the FSA; (4) the parties' disputes regarding payments owed by IDC to Innova for work

5   performed under the PSA; and (5) the procedural history of the instant case.

6   **A. The Parties**

7        Plaintiff Prosperity is a North Carolina corporation with its corporate headquarters in

8   North Carolina.  ECF No. 1 ¶ 1 ("Compl.").  Plaintiff is in the "factoring" business, which

9   involves the buying and selling of assets called "Accounts."  *Id.* ¶ 9.  In this context, the term

10  "Account" refers to a party's right to demand payment for goods or services that the party already

11  has supplied.  *See id.*; Cal. Com. Code § 9102(a)(2).  Plaintiff purchases Accounts from

12  companies and then attempts to collect payments on the Accounts from the companies' customers

13  ("Account Debtors").  Compl. ¶ 9; Cal. Com. Code § 9102(a)(3).

14       Defendant IDC is a California corporation with its corporate headquarters in California.

15  ECF No. 21 ¶ 1.  IDC is "engaged in the business of providing information technology services."

16  Compl., Exhibit C, Recitals.  IDC's clients are "located in USA and Canada."  *Id.*

17       Defendant Innova is a Delaware limited liability company with two members.  ECF No. 21

18  ¶ 3.  Because both of Innova's members are residents of Virginia, Innova is a resident of Virginia.

19  *Id.*  Innova provides consulting services to information technology companies.  *Id.* ¶ 9.

20       Defendant Vivos is a Delaware corporation with its corporate headquarters in Delaware.

21  ECF No. 1 ¶ 3.

22  **B. The Professional Services Agreement**

23       On July 15, 2018, Innova entered a "Professional Services Agreement" ("PSA") with IDC

24  "whereby Innova agreed to provide information technology consultants to IDC for placement and

25  to perform work for IDC's end-clients."  ECF No. 21 ¶ 9.  "In return, IDC agreed to pay Innova

26  for the hours worked by Innova's consultants for IDC's end-clients."  *Id.*

27       However, the PSA specified that Innova would continue to be responsible for paying these

28

United States District Court
Northern District of California

2

Case No. 20-CV-03679-LHK
ORDER DENYING IDC'S MOTION FOR DEFAULT JUDGMENT

United States District Court
Northern District of California

1   consultants' wages and for complying with any applicable federal and state employment laws.  *Id.*

2   ¶ 10(b).  If IDC notified Innova that Innova had not paid wages to the consultants or had not

3   complied with relevant employment laws, Innova's failure to rectify the problem within seven

4   days would allow IDC to terminate the PSA.  *Id.* ¶ 10(g).  Additionally, Innova agreed to

5   indemnify IDC for any claims brought against IDC arising from Innova's failure to pay wages or

6   to comply with employment laws.  *Id.* ¶ 10(d).

7          The PSA also provided that, to receive payment for supplying consultants to IDC's clients,

8   Innova would have to submit monthly invoices that met certain requirements.  *Id.* ¶ 10(e).

9   Specifically, the invoices had to be based on hourly timesheets that were approved by IDC's

10  clients.  *Id.*  The PSA also entitled IDC to withhold any payment that IDC's clients disputed in

11  good faith.  *Id.* ¶ 10(f).

12           Pursuant to the PSA, Innova supplied IDC's clients with multiple consultants from

13  August 2018 through September 2019.  *Id.* ¶ 11.

14      **C. The Factoring and Security Agreement**

15         On August 13, 2018, Plaintiff entered a "Factoring and Security Agreement" ("FSA") with

16  Innova and Vivos.  Compl. ¶ 11.  Under the FSA, Plaintiff agreed to purchase certain Accounts

17  ("Purchased Accounts") from Innova and Vivos and to provide Innova and Vivos with loans for

18  running their businesses.  *Id.* ¶ 12.  To secure the loans, Plaintiff acquired an interest in all of

19  Innova's and Vivos's assets, including all Accounts not included in the Purchased Accounts

20  ("Remaining Accounts").  *Id.* ¶ 13.

21         Additionally, Innova and Vivos appointed Plaintiff as their "attorney-in-fact."  *Id.* ¶ 14.

22  This appointment gave Plaintiff several powers with respect to the Purchased Accounts and the

23  Remaining Accounts.  *Id.*  For example, Plaintiff obtained the power to receive and to distribute

24  payments owed to Innova and Vivos on all Accounts; the power to notify Account Debtors for all

25  Accounts that payments should be made directly to Plaintiff; the power to file suit to collect

26  payments owed on Purchased Accounts; and the power to contact Account Debtors for any

27  purpose.  *Id.*; *see also id.*, Exhibit A at 6.

28

3

Case No. 20-CV-03679-LHK
ORDER DENYING IDC'S MOTION FOR DEFAULT JUDGMENT

United States District Court
Northern District of California

Finally, the FSA defined several "Events of Default" and provided Plaintiff with additional powers "[u]pon the occurrence of any Event of Default." *See id.* ¶ 14; *id.*, Exhibit A at 10.  Most importantly, the FSA provided that any Event of Default would allow Plaintiff to "collect all Accounts, regardless of whether such Accounts are Purchased Accounts." *See id.* ¶ 14; *id.*, Exhibit A at 10.

### D. The Parties' Disputes Over Payments Owed to Innova Under the Professional Services Agreement

Because certain payments owed by IDC to Innova for work performed under the PSA were included in the Purchased Accounts, the FSA gave Plaintiff the right to collect those payments from IDC.  Compl. ¶ 24.  Additionally, because the remaining payments owed by IDC to Innova for work performed under the PSA were included in the Remaining Accounts, the FSA gave Plaintiff a security interest in those remaining payments.  *Id.* ¶ 31.

On August 17, 2018, Plaintiff sent IDC a notice stating that Plaintiff had acquired an interest in all payments owed by IDC to Innova for work performed under the PSA.  *Id.* ¶ 20.  The notice requested that IDC make those payments directly to Plaintiff.  *Id.*  On August 28, 2018, IDC acknowledged receipt of Plaintiff's notice.  *See id.* ¶ 21; *id.*, Exhibit D.

IDC alleges that, in September 2019, "IDC learned that multiple Innova employees or contractors placed with IDC's end-clients had not been paid wages or other compensation owed to them for services performed under the PSA for IDC's end-clients."  ECF No. 21 ¶ 12. Accordingly, on September 10, 2019, IDC sent a letter to Innova demanding that Innova provide IDC with the names of all Innova consultants who had not been paid and with proof that Innova had complied with all relevant employment laws.  *Id.* ¶ 13.  IDC also demanded that Innova indemnify IDC for any claims arising from "Innova's failure to compensate its employees."  *Id.*

Because Innova failed to respond to IDC's letter by the seven day deadline set by the PSA, IDC terminated the PSA on September 20, 2019.  *Id.* ¶¶ 15–16.  On September 26, 2019, IDC "sent a letter to Innova requesting that IDC provide a list of its employees paid by Innova that Innova placed with IDC's end-clients."  *Id.* ¶ 17.

4

Case No. 20-CV-03679-LHK
ORDER DENYING IDC'S MOTION FOR DEFAULT JUDGMENT

1   On November 25, 2019, Innova filed a suit in California state court alleging that "IDC

2   owes Innova a total of $1,315,123.83 for invoices submitted by Innova to IDC from August of

3   2018 through September of 2019." *Id.* ¶ 18.

4   On February 24, 2020, Plaintiff sent a letter to IDC demanding that IDC pay Plaintiff the

5   amounts owed to Innova under the PSA. *Id.* ¶ 21.  On February 25, 2020, IDC sent Innova a letter

6   demanding that "Innova fully indemnify IDC from any such claims or actions instituted or

7   pursued by [Plaintiff] against IDC." *Id.* ¶ 22.

8   **E.  Procedural History**

9   **1.  Plaintiff's Claims and Plaintiff's Motions for Default Judgment**

10   On June 3, 2020, Plaintiff filed a complaint asserting six claims against Innova, Vivos, and

11   IDC. *See* Compl. ¶¶ 43–101.  Specifically, Plaintiff asserted: (1) a breach of contract claim

12   against IDC, *id.* ¶¶ 43–58; (2) a services rendered claim against IDC, *id.* ¶¶ 59–66; (3) an account

13   stated claim against IDC, *id.* ¶¶ 67–76; (4) a declaratory judgment claim against Innova, Vivo, and

14   IDC, *id.* ¶¶ 77–81; (5) a promissory estoppel claim against IDC, *id.* ¶¶ 82–92; and (6) a breach of

15   contract claim against Innova and Vivos, *id.* ¶¶ 93–101.

16   On June 8, 2020, Plaintiff served each defendant with the complaint.  ECF Nos. 8–10.

17   Accordingly, the deadline for each defendant to respond was June 29, 2020.  *See* Federal Rule of

18   Civil Procedure 12(a)(1)(A)(i).  On June 17, 2020, Plaintiff and IDC filed a joint stipulation

19   extending IDC's deadline to respond to the complaint to July 14, 2020.  ECF No. 12.  On July 14,

20   2020, IDC filed an answer to Plaintiff's complaint.  ECF No. 20.

21   On July 17, 2020, Plaintiff filed a motion for entry of default as to Innova and Vivos.  ECF

22   Nos. 23, 24.  On July 20, 2020, the Clerk entered defaults as to Innova and Vivos with respect to

23   Plaintiff's claims.  ECF Nos. 25, 26.

24   On March 25, 2021, Plaintiff filed a motion for default judgment as to Innova and Vivos

25   with respect to Plaintiff's declaratory judgment claim and with respect to Plaintiff's breach of

26   contract claim against Innova and Vivos.  ECF No. 54.

27   On June 17, 2021, the Court denied Plaintiff's motion for default judgment because

28

Case No. 20-CV-03679-LHK
ORDER DENYING IDC'S MOTION FOR DEFAULT JUDGMENT

United States District Court
Northern District of California

1   Plaintiff had failed to address subject matter jurisdiction and personal jurisdiction.  ECF No. 59 at

2   1–2.  Although the Court granted Plaintiff leave to file a renewed motion for default judgment, the

3   Court warned that Plaintiff's failure to cure the jurisdictional deficiencies would result in denial of

4   a subsequent motion for default judgment with prejudice.  *Id.* at 2.

5           On June 29, 2021, Plaintiff filed a renewed motion for default judgment as to Innova and

6   Vivos.  ECF No. 62.  On December 21, 2021, the Court denied Plaintiff's renewed motion for

7   default judgment as to Innova and Vivos because Plaintiff had again failed to show that the Court

8   has personal jurisdiction over Innova and Vivos.  ECF No. 71.  Accordingly, the Court dismissed

9   Plaintiff's claims against Innova and Vivos with prejudice.  *Id.*

10          **2.  IDC's Counterclaim and Crossclaims and IDC's Motions for Default Judgment**

11          Meanwhile, on July 14, 2020, IDC filed a counterclaim against Plaintiff and six

12  crossclaims against Innova.  ECF No. 21.  Specifically, IDC asserted: (1) an interpleader claim

13  against Prosperity and Innova, *id.* ¶¶ 25–28; (2) a breach of contract claim against Innova, *id.*

14  ¶¶ 29–32; (3) an intentional interference with prospective economic benefit claim against Innova,

15  *id.* ¶¶ 33–38; (4) a negligent interference with prospective economic benefit claim against Innova,

16  *id.* ¶¶ 39–43; (5) a contractual indemnification claim against Innova, *id.* ¶¶ 44–51; and (6) an

17  implied indemnification claim against Innova, *id.* ¶¶ 52–56.  Also on the same day, IDC served

18  Innova with the crossclaims.  ECF No. 22.

19          On August 5, 2020, Plaintiff filed an answer to IDC's counterclaim.  ECF No. 31.

20          On August 13, 2020, IDC filed a motion for entry of default as to Innova.  ECF No. 32.

21  On August 14, 2020, the Clerk entered default as to Innova with respect to IDC's crossclaims.

22  ECF No. 35.

23          On March 25, 2021, IDC filed a motion for default judgment as to Innova with respect to

24  IDC's interpleader claim and with respect to IDC's indemnity claims.  ECF No. 55.

25          On June 17, 2021, the Court denied IDC's motion for default judgment because IDC had

26  failed to address subject matter jurisdiction, personal jurisdiction, and the factors outlined in *Eitel*

27  *v. McCool*, 782 F.2d 1470 (9th Cir. 1986).  ECF No. 60 at 1–2.  Although the Court granted IDC

28
    6
    Case No. 20-CV-03679-LHK
    ORDER DENYING IDC'S MOTION FOR DEFAULT JUDGMENT

United States District Court
Northern District of California

1    leave to file a renewed motion for default judgment, the Court warned that IDC's failure to cure

2    the jurisdictional and other deficiencies would result in denial of a subsequent motion for default

3    judgment with prejudice. *Id.* at 2.

4        On June 25, 2021, IDC filed a renewed motion for default judgment as to Innova with

5    respect to IDC's interpleader claim and with respect to IDC's indemnity claims. ECF No. 61

6    ("Mot.").

7    **II.    LEGAL STANDARD**

8        Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default

9    judgment when the Clerk, under Rule 55(a), has previously entered a party's default. Fed. R. Civ.

10   P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one."

11   *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Once the Clerk enters default, all well-

12   pleaded allegations regarding liability are taken as true, except with respect to damages. *See Fair*

13   *Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination

14   of liability and the default judgment itself, the general rule is that well-pled allegations in the

15   complaint regarding liability are deemed true."); *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917–

16   18 (9th Cir. 1987) ("[U]pon default the factual allegations of the complaint, except those relating

17   to the amount of damages, will be taken as true."). However, the "defendant is not held to admit

18   facts that are not well-pleaded or to admit conclusions of law." *See DIRECTV, Inc. v. Hoa Huynh*,

19   503 F.3d 847, 854 (9th Cir. 2007).

20       As a threshold step, "when entry of judgment is sought against a party who has failed to

21   plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over

22   both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations

23   omitted). Indeed, a "judgment entered without personal jurisdiction over the parties is void." *Id.*

24   Additionally, "the party seeking to invoke the court's jurisdiction bears the burden of establishing

25   that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc,*

26   *Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

27       "Factors which may be considered by courts in exercising discretion as to the entry of a

28

United States District Court
Northern District of California

7
Case No. 20-CV-03679-LHK
ORDER DENYING IDC'S MOTION FOR DEFAULT JUDGMENT

1   default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of

2   plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in

3   the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

4   due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

5   Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.

6   1986).

7   **III.    DISCUSSION**

8           IDC seeks default judgment as to Innova with respect to two sets of claims: (1) the

9   interpleader claim against Innova and Plaintiff; and (2) the indemnity crossclaims against Innova.

10  *See* Mot. at 2, 14–16.  Specifically, with respect to the interpleader claim, IDC seeks a judgment

11  declaring that "Prosperity holds the sole right of payment from IDC" with respect to all monetary

12  obligations owed by IDC to Innova for work performed under the [Professional Services

13  Agreement] and that Innova "does not have the right to enforce claims on the [obligations] against

14  IDC." *Id.* at 14–15.  In turn, with respect to the indemnity claims, IDC seeks a judgment declaring

15  that Innova must indemnify IDC for any damages that Plaintiff obtains from IDC.  *Id.* at 15–16.

16          The Court begins by explaining why, despite the Court's dismissal of Plaintiff's claims

17  against Innova, the Court must consider IDC's crossclaims against Innova.  The Court then

18  addresses whether IDC has established personal jurisdiction over Innova.  Because the Court finds

19  that IDC has not established personal jurisdiction over Innova, the Court need not address whether

20  IDC has satisfied the other requirements necessary for an entry of default judgment.

21          **A.  Although the Court Has Dismissed Plaintiff's Claims Against Innova, the Court Must
            Consider IDC's Crossclaims Against Innova**

22

23          On December 21, 2021, the Court dismissed Plaintiff's claims against Innova with

24  prejudice because Plaintiff failed to establish that the Court has personal jurisdiction over Innova.

25  ECF No. 71.  Thus, the Court must determine whether the dismissal of Plaintiff's claims against

26  Innova prevents IDC from asserting crossclaims against Innova and moving for default judgment

27  on such crossclaims.

28  Case No. 20-CV-03679-LHK
    ORDER DENYING IDC'S MOTION FOR DEFAULT JUDGMENT

United States District Court
Northern District of California

1    Although there is relatively little case law addressing what must happen to crossclaims

2    against a defendant when all original claims against that defendant are dismissed for lack of

3    jurisdiction, several district courts have stated that the crossclaims survive if there is an

4    independent basis for jurisdiction.  *See, e.g.*, *Nat'l Tr. for Historic Pres. v. 1750 K Inv. P'ship*, 100

5    F.R.D. 483, 486 (E.D. Va. 1984) ("Generally, dismissal of the original claim out of which the

6    cross-claim arises does not result in dismissal of the cross-claim if it stands on independent

7    jurisdictional grounds."); *Elliott v. Fed. Home Loan Bank Bd.*, 233 F. Supp. 578, 588–89 (S.D.

8    Cal. 1964), rev'd on other grounds, 386 F.2d 42 (9th Cir. 1967) (holding that a "Cross-claim . . .

9    will vest jurisdiction in the court if there is an independent ground of jurisdiction on the Cross-

10   claim, regardless of jurisdiction or lack of it on the original action").  Additionally, a leading

11   treatise on federal civil procedure states that "the dismissal of the original suit or of a counterclaim

12   therein for lack of . . . jurisdiction will require the court also to dismiss the crossclaim, unless that

13   claim is supported by an independent basis of . . . jurisdiction."  Charles A. Wright & Arthur R.

14   Miller, Federal Practice and Procedure § 1433 Crossclaims—Jurisdiction and Venue over

15   Crossclaims (3d ed.).

16   Accordingly, in the following section, the Court addresses whether IDC has independently

17   established personal jurisdiction over Innova.

18   **B.  IDC Has Failed to Show that Innova is Subject to Personal Jurisdiction in California**

19   IDC argues that Innova is subject to specific personal jurisdiction in California because

20   IDC's crossclaims arise from the Professional Services Agreement ("PSA") and because Innova

21   has sued IDC in California.  For the reasons below, the Court rejects IDC's arguments.

22   Under Ninth Circuit law, specific personal jurisdiction over a nonresident defendant is

23   appropriate when (1) the nonresident defendant "purposefully direct[s] his activities or

24   consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by

25   which he purposefully avails himself of the privilege of conducting activities in the forum"; (2) the

26   claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of

27   jurisdiction is reasonable.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.

28

United States District Court
Northern District of California

9

1    2004).  If the plaintiff succeeds in satisfying the first two prongs, the burden shifts to the

2    nonresident defendant to "present a compelling case" that the exercise of jurisdiction would not be

3    reasonable.  *Id.*

4           IDC contends that Innova established substantial contacts with California by "entering into

5    a contract with IDC in which it agreed to have its employees work in California and then having

6    them actually work in California."  Mot. at 13.  Additionally, IDC contends that Innova "availed

7    itself of the benefits of California by filing a lawsuit against IDC in Santa Clara County Superior

8    Court."  *Id.*

9           However, the United States Supreme Court has held that, under the due process clause, a

10   nonresident defendant is not subject to jurisdiction in a forum simply because the defendant has

11   made a contract with a resident of the forum.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

12   478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone*

13   can automatically establish sufficient minimum contacts in the other party's home forum, we

14   believe the answer clearly is that it cannot.").  Instead, to determine whether a contract with a

15   resident of a forum subjects a nonresident to personal jurisdiction in the forum, courts must

16   evaluate "prior negotiations and contemplated future consequences, along with the terms of the

17   contract and the parties' actual course of dealing."  *Id.* at 479.  California state courts have

18   interpreted these principles to mean that "'the breach of a contract made and to be performed in

19   the state' may be sufficient to support the exercise of personal jurisdiction" over a nonresident.

20   *See Roman v. Liberty University, Inc.*, 162 Cal. App. 4th 670, 679 n.1 (2008) (quoting *Martin v.*

21   *Detroit Lions, Inc.*, 32 Cal. App. 3d 472 (1973)).

22          Although IDC's renewed motion for default judgment contends that the PSA required

23   Innova's employees to work in California, Mot. at 13, the PSA states only that Innova was

24   required to perform work "in USA and Canada."  *See* Compl., Exhibit C, Recitals.  IDC's

25   crossclaims themselves merely allege that "IDC placed multiple consultants employed or

26   contracted by Innova with [IDC's] end-clients."  ECF No. 21 ¶ 11.  Because IDC's renewed

27   motion for default judgment cannot cite any factual allegations supporting personal jurisdiction in

28                                                        10

United States District Court
Northern District of California

1    IDC's crossclaims themselves, IDC's renewed motion for default judgment relies entirely on a

2    declaration in support of the renewed motion.  *See* Mot. at 13 (citing ECF No. 61-2 ¶ 5).

3    However, the declaration merely states that "Innova agreed to provide IT consultants to IDC for

4    placement and to perform work for IDC's end-clients."  ECF No. 61-2 ¶ 5.  Thus, the PSA, IDC's

5    crossclaims themselves, and the supporting evidence for IDC's renewed motion make no mention

6    of ties to California.  Thus, IDC has provided no evidence that Innova's employees worked in

7    California.

8            IDC also fails to explain why Innova's lawsuit against IDC subjects Innova to personal

9    jurisdiction.  After stating that Innova "availed itself of the benefits of California by filing a

10   lawsuit against IDC in Santa Clara County Superior Court," IDC summarily asserts that Innova's

11   lawsuit subjects Innova to personal jurisdiction.  *See* Mot. at 13 ("Why Innova failed to file a

12   response in District Court while maintaining its lawsuit against IDC in Santa Clara County

13   Superior Court is unknown.").  However, even if Innova's lawsuit qualifies as a substantial contact

14   with California, IDC must also show that IDC's interpleader and indemnity claims "arise[] out of

15   or relate[] to" Innova's lawsuit.  *Schwarzenegger*, 374 F.3d at 802.  Because IDC has not even

16   attempted to make that showing, the Court cannot conclude that Innova's lawsuit subjects Innova

17   to specific personal jurisdiction.

18           Thus, the Court finds that IDC has not established personal jurisdiction over Innova.

19   **IV.    LEAVE TO AMEND**

20           The Court finds that allowing IDC to amend its crossclaims against Innova or to file a third

21   motion for default judgment would be futile and cause undue delay.  *See Leadsinger, Inc. v. BMG*

22   *Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).  IDC's first motion for default judgment failed

23   to address personal jurisdiction, subject matter jurisdiction, and the *Eitel* default judgment factors.

24   *See* ECF No. 60 at 1–2.  The Court warned IDC that failure to cure these deficiencies would result

25   in the dismissal of a subsequent motion for default judgment with prejudice.  *Id.* at 2.

26           IDC's renewed motion for default judgment fails to establish personal jurisdiction.  Indeed,

27   IDC's argument that the PSA required Innova's employees to work in California is directly

28
     Case No. 20-CV-03679-LHK
     ORDER DENYING IDC'S MOTION FOR DEFAULT JUDGMENT

United States District Court
Northern District of California

1    contradicted by the PSA, which merely states that Innova's employees were required to work "in

2    USA and Canada."  *See* Compl., Exhibit C, Recitals.

3            IDC's failure to provide evidence establishing personal jurisdiction almost a year after

4    filing its crossclaims shows that leave to amend would be futile and cause undue delay.  Thus, the

5    Court dismisses IDC's crossclaims against Innova with prejudice.  *See Facebook, Inc. v.*

6    *Pedersen*, 868 F. Supp. 2d 953, 961 (N.D. Cal. 2012) (explaining that when a plaintiff fails to

7    establish personal jurisdiction in the context of a motion for default judgment, dismissal is

8    appropriate).

9    **V.    CONCLUSION**

10           For the foregoing reasons, the Court DENIES IDC's motion for default judgment and

11   DISMISSES IDC's crossclaims against Innova with prejudice.

12   **IT IS SO ORDERED.**

13

14   Dated: December 21, 2021

15
                                                    *Lucy H. Koh*
16                                                  LUCY H. KOH
                                                    United States Circuit Judge[*]
17

18

19

20

21

22

23

24

25

26

27
     _____
     [*] Sitting by designation on the United States District Court for the Northern District of California.
28
                                                    12
     Case No. 20-CV-03679-LHK
     ORDER DENYING IDC'S MOTION FOR DEFAULT JUDGMENT

United States District Court
Northern District of California